1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  NARCISO RAMIREZ,                        No.  1:23-cv-01538-SKO (HC)

12              Petitioner,                 **ORDER DIRECTING CLERK OF COURT
                                            TO ASSIGN DISTRICT JUDGE**
13
        v.                                  **FINDINGS AND RECOMMENDATION
14                                          TO DISMISS PREMATURE PETITION**

15  MARK S. AGUILAR, et al.,                **[TWENTY-ONE DAY OBJECTION
                                            DEADLINE]**
16              Respondents.

17

18          Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. §2254.  After conducting a preliminary review, the Court finds that it

20  should abstain from interfering in ongoing state court proceedings, and the petition should be

21  dismissed.

22                                   **DISCUSSION**

23  A.      Preliminary Review of Petition

24          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

25  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

26  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

27  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

                                          1

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.      Background

Petitioner states he was arraigned in Kern County Superior Court on October 17, 2022, on charges stemming from an inmate fight that occurred in Kern Valley State Prison.  It appears that Petitioner is currently awaiting trial and is represented by a public defender.  Petitioner raises two identifiable claims concerning the trial process: 1) He contends he was unconstitutionally and unlawfully arraigned; and 2) He alleges counsel was ineffective in refusing to file certain motions requested by Petitioner.  (Doc. 1 at 1-2, 32-34.) It does not appear that Petitioner has sought relief in the state courts other than within the trial proceedings.

C.      Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).  The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim.  To be granted federal habeas corpus relief, the petition must have exhausted his available state remedies.  28 U.S.C. § 2254(b).  The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  The exhaustion requirement can be satisfied by providing the highest state court with a full and fair

2

1   opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404

2   U.S. 270, 276 (1971)

3       In the instant case, state criminal proceedings are ongoing.  California has an important

4   interest in passing upon and correcting violations of a defendant's rights.  Roberts v. Dicarlo, 296

5   F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir.

6   2003)).  The trial court remains available as an adequate forum for Petitioner to seek relief.  The

7   California Court of Appeal and the California Supreme Court are also adequate forums for

8   Petitioner to seek further relief for his claims.  Roberts, 296 F.Supp.2d at 1185.  Therefore, the

9   Court recommends abstaining from interfering in state proceedings pursuant to Younger.

10      The Court notes that Petitioner also raises complaints concerning the conditions of

11  confinement.  (Doc. 1 at 7-8.)  He claims he is being denied cold water in his cell and access to

12  the law library. Such claims concerning conditions of confinement are not cognizable in a habeas

13  action and must be brought by way of a civil rights complaint. See Preiser v. Rodriguez, 411 U.S.

14  475, 485 (1973); McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991).

15                                          **ORDER**

16      IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district

17  judge to this case.

18                                    **RECOMMENDATION**

19      For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED

20  WITHOUT PREJUDICE.

21      This Findings and Recommendation is submitted to the United States District Court Judge

22  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

23  of the Local Rules of Practice for the United States District Court, Eastern District of California.

24  Within twenty-one (21) days after being served with a copy, Petitioner may file written objections

25  with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

26  and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28

27  /////

28  /////

1 | U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 |
4 | IT IS SO ORDERED.
5 | Dated:   **November 1, 2023**                    <u>      /s/ *Sheila K. Oberto*      </u>
6 | UNITED STATES MAGISTRATE JUDGE

4